UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JOYCE L. CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:12-CV-146 |
| | ) | (VARLAN/GUYTON) |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

### REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the plaintiff's Motion For Summary Judgment [Doc. 9], and the defendant's Motion For Summary Judgment. [Doc. 11]. Plaintiff Joyce L. Clark ("Clark") seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

### BACKGROUND

Plaintiff was 58 years of age when the ALJ issued his decision in October, 2011 (Tr. 28, 39). She has a GED (Tr. 39). She has work experience as a cashier and as a machine operator in a manufacturing facility (Tr. 40, 153).

The Court has considered the medical evidence in the record, the testimony at the hearing, and all other evidence in the record. The medical history of the Plaintiff and the content of the ALJ's Decision are not in dispute, and need not be repeated here.

The parties have filed Memoranda [Docs. 10, 12]. Clark filed a supplemental Memorandum [Doc. 14]. The Commissioner also filed a supplemental Memorandum [Doc. 15].

## POSITIONS OF THE PARTIES

Clark alleges that she has been disabled since August, 2009, due to a back injury, along with leg, knee and foot/ankle problems and numbness (Tr. 37, 45, 147). Nonetheless, at the time of the hearing in this case, she worked part-time as a cashier at Lowe's (Tr. 41-42).

Clark argues that the ALJ committed error by violating the "Treating Source Rule," 20 C.F.R. § 404.1527(d)(2). Specifically, Clark asserts that her treating physician, James Hansen, M.D., provided two statements, one dated May 31, 2011 (Tr. 466-470) and one dated June 29, 2011 (Tr. 486). Clark argues that the ALJ did not evaluate those opinions properly. In the May 31, 2011 statement, Dr. Hansen checked that Clark can not "remember and carry out simple, 1-2 step instructions and maintain a work routine without frequent breaks for stress related reasons." Dr. Hansen cited Clark's "spinal stenosis and numbness" as the basis for this opinion. The ALJ stated that he "rejects the opinion," based on the fact that Clark was working, part-time as a cashier at Lowe's, "suggesting she is able to remember and carry out simple instructions and maintain a work routine" (Tr. 27). The ALJ did not assign an amount of weight to be given to this opinion, although the Commissioner argues that it must be assumed to be "none".

2

In the June 29, 2011 letter, Dr. Hansen stated the following with regard to Clark: "She has a history of spinal stenosis with significant pain, which has been progressive and radiating down into the left lower extremity. This does severely limit her ability to walk or stand for prolonged periods. Based on this diagnosis, I do agree with and recommend that she seek disability, as the spinal stenosis would make it difficult for her to maintain gainful employment."

The Commissioner concedes that the ALJ did not expressly assign an amount of weight to be given to this opinion. The Commissioner, however, argues that the ALJ "implicitly rejected and gave no weight" to it [Doc. 15]. The Commissioner notes that the ALJ did say that Dr. Hansen's opinion on the severe stand/walk limitation was not consistent with a comment made by Clark to another doctor as to the length of time she could stand without pain (Tr. 27).

## ANALYSIS AND BASIS FOR REMAND

For the reasons that follow, the Court finds that a remand is appropriate and necessary in this case. The ALJ must be given the opportunity to directly address the May 31, 2011 and June 29, 2011 opinions of Dr. Hansen, to assign an amount of weight to be given to them, even if the amount is zero, and to explain the weight, if any, to be given to them. The ALJ's "implicit" rejection of those opinions, without weighing, does not meet the standard set by the case law.

Under the treating physician rule, "the Commissioner has mandated that the ALJ 'will' give a treating source's opinion controlling weight if it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [a claimant's] case record.'" Cole v. Astrue, 661 F.3d 931, 937 (6th Cir. 2011) (quoting 20 C.F.R. § 404.1527(d)(2)). If an ALJ decides not to give the opinion of a

3

treating physician controlling weight, "he must then balance the following factors to determine what weight to give it: 'the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and specialization of the treating source.'" Id. (quoting Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004) (citing 20 C.F.R. § 404.1527(d)(2))). The ALJ has a clear duty to "always give good reasons in [the] notice of determination or decision for the weight [it] give[s] [a] treating source's opinion." 20 C.F.R. § 404.1527(d)(2). The good reasons given must always be supported by evidence of record and must be "'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" Cole, 661 F.3d at 937 (quoting Soc. Sec. Rul. No. 96-2p, 1996 SSR LEXIS 9, at *12 (Soc. Sec. Admin. July 2, 1996)).

The purpose behind the requirement that good reasons be given is "to safeguard the claimant's procedural rights[,]" and "is intended 'to let claimants understand the disposition of their cases, particularly in situations where a claimant knows that his physician has deemed him disabled and therefore might be especially bewildered when told by an administrative bureaucracy that [ ]he is not.'" Cole, 661 F.3d at 937-38 (quoting Wilson, 378 F.3d at 544).

"A finding that a treating source medical opinion . . . is not entitled to controlling weight [does] not [mean] that the opinion should be rejected." Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 408 (6th Cir. 2009). "In addition to balancing the factors to determine what weight to give a treating source opinion denied controlling weight, the agency specifically requires the ALJ to give good reasons for the weight actually assigned." Cole, 661 F.3d at 938.

4

"On the other hand, opinions from nontreating and nonexamining sources are never assessed for 'controlling weight.'" Gayheart v. Comm'r of Soc. Sec., 710 F.3d 365, 376 (6th Cir. 2013). These are instead weighed "based on the examining relationship (or lack thereof), specialization, consistency, and supportability, but only if a treating-source opinion is not deemed controlling." Id. (citing 20 C.F.R. § 404.1527(c)).

Dr. Hansen provided opinions in May and June, 2011, which indicated that Clark had medical conditions and related limitations which arguably support a finding of disability. The Court finds that the ALJ erred by failing to directly address, evaluate, and assign weight to these treating source opinions. Even finding that a treating source opinion is not entitled to controlling weight does not automatically mean that it should be entitled to no weight. Blakley, 581 F.3d at 408. An ALJ not assigning a specific weight to a treating source opinion "alone constitutes error[.]" Cole, 661 F.3d at 938 (citing Blakley, 581 F.3d at 408). Therefore, reviewing the ALJ's opinion in light of Gayheart and other recent Sixth Circuit jurisprudence, the Court finds that the ALJ did not properly apply the treating physician rule to the case at hand.

Accordingly, the Court finds that the ALJ failed to appropriately and fully apply the proper legal standards to plaintiff's case, and the Court must decide whether this error demands that the case be remanded. The Sixth Circuit "has made clear that '[it] do[es] not hesitate to remand when the Commissioner has not provided good reasons for the weight given to a treating physician's opinion and [the Sixth Circuit] will continue remanding when [it] encounter[s] opinions from ALJ's that do not comprehensively set forth the reasons for the weight assigned to a treating physician's opinion." Cole, 661 F.3d at 939 (quoting Hensley v. Astrue, 573 F.3d 263, 267 (6th Cir. 2009) (citation and internal quotation marks omitted)). The Court will not remand

the case if the violation is harmless error. A violation of the good reasons rule can be deemed "harmless error" if:

> "(1) a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it; (2) if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion; or (3) where the Commissioner has met the goal of § 1527(d)(2) . . . even though she has not complied with the terms of the regulation."

Friend v. Comm'r of Soc. Sec., 375 F. App'x 543, 551 (6th Cir. 2010) (citation omitted).

The Court does not find that any of those exceptions apply here. Upon review of the record, the Court does not find the opinions expressed by Dr. Hansen to be patently deficient. The Court does not find that the ALJ adopted Dr. Hansen's opinions. Nor did the ALJ make findings sufficiently consistent with Dr. Hansen's opinions to satisfy the second exception. Last, the ALJ's opinion does not sufficiently explain to plaintiff what weight, if any, he gave to Dr. Hansen's opinions or his reasons for giving that weight. Therefore, "the Commissioner cannot show that, despite his failure to comply with the terms of 20 C.F.R. § 1527(c)(2), he has otherwise met the regulation's goal." Gayheart, 710 F.3d at 380.

The Court can only conclude that this matter must be remanded. That being said, it is not certain that the record establishes disability, and certain parts of the record, for example, the on-going cashier work at Lowe's, are troubling in light of the alleged bases for disability. As pointed out by the Commissioner, recent case law makes clear that an ALJ who assigns weight, and explains that weight, as to the opinions of a treating physician may properly give said opinions little or no weight. Miller v. Comm'r of Soc. Sec., 2013 WL 1705026 (6th Cir. April 22, 2013). These are matters for the ALJ to address on remand.

6

It is **RECOMMENDED** (1) that this case be **REMANDED** to the defendant Commissioner for further proceedings consistent with this Report and Recommendation; (2) that the Plaintiff's Motion For Summary Judgment [Doc. 9] be **GRANTED** only for remanding this case; and (3) that the Defendant's Motion For Summary Judgment [Doc. 11] be **DENIED**.[1]

Respectfully submitted,

     s/ H. Bruce Guyton
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).